UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES DEMARCO BOGAN,

    Plaintiff,

v.                                                            CAUSE NO. 3:19-CV-301-DRL-MGG

THOMAS J. ALEVIZOS, *et al.*,

    Defendants.

## OPINION AND ORDER

James DeMarco Bogan, a prisoner without a lawyer, filed an amended complaint (ECF 12) against Judge Thomas J. Alevizos, the 60th Judicial District, Indiana Attorney General Curtis T. Hill, Jr., Judge Jon E. DeGuilio, Commissioner Robert E. Carter, Superintendent Mark R. Sevier, Deputy Prosecutor Kenneth P. Cotter, and Deputy Prosecutor Micah P. Cox. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his amended complaint, Mr. Bogan, using the name J. Bogan-Bey, claims he has brought this action to enforce "[e]qual rights under the law" and to enforce "[p]roperty rights of citizens." ECF 12 at 1-2. Specifically, he states that he filed this amended complaint because he has been deprived of due process in judicial proceedings as "[judicial] officers ha[ve] conspired to obtain and continue a judgment against a Bogan-Bey based on a knowingly facially defective criminal charging instrument. The criminal charge involved the United States interest as the criminal victims are financial

institutions insured by the FDIC." *Id.* at 2. He states that the judicial officers are prohibited by statute from making "any arguments on behalf of the parties;" however, the judicial officers deprived Bogan-Bey of "his right to enjoy the right to an impartial district wherein the crime shall have been committed." *Id.* He further claims that Judge DeGuilio "along with others acting under the power of public offices, failed to honor their 'OATH' to support the 13th Amendment." *Id.*

According to Mr. Bogan, he should be released from prison because his sentence was imposed in violation of the constitution and laws of the United States. *Id.* In this vein, Mr. Bogan further complains that his continued holding by public officers and the illegal acts of the 60th Judicial Circuit are so unreasonable as to constitute malicious and sadistic acts employed for the "purpose of causing harm and to deprive [him] and his family the commercial value of the business concern JAMES DEMARCO BOGAN." *Id.* at 3.

Mr. Bogan next states that, while he has been in the "state of enforced compulsory service to MARK R. SERVIER, [he] requested relief by way of [a] HABEAS CORPUS filing in the La Porte County Circuit Court," but the petition was dismissed by Judge Alevizos before Superintendent Sevier was able to respond. *Id.* at 3. He points out that this exact situation occurred when he filed a habeas corpus petition in federal court. *Id.* Here, he claims that Judge DeGuilio dismissed the petition before Superintendent Sevier was able to respond. *Id.* Mr. Bogan claims that these willful malicious acts deprived him of an opportunity to rebut the presumptions of the judicial officers and present his defense. *Id.* Thus, according to Mr. Bogan, these judicial officers deprived him of his "entitlement to an adversarial procedure" and the "deprivation of rights, and the privileges, secured or protected by the Constitution or laws of the United States." *Id.* at 4.

Mr. Bogan also asserts that the 60th Judicial Circuit did not have subject matter jurisdiction over his case because "its criminal charging information was so lacking in notice as to constitute a denial of due process in violation of the [Fourth] and [Fourteenth] Amendment[s]." *Id.* at 5. Here, he

2

states that Judge Alevizos and Judge DeGuilio had "statutory habeas corpus jurisdiction to discharge [him] from custody" because he is being "restrained in violation of the Federal Constitution, [similar] to when the convicting court had no subject matter jurisdiction." *Id.* Thus, according to Mr. Bogan, Judge Alevizos and Judge DeGuilio did not facially challenge subject matter jurisdiction as to his criminal complaint; instead, they simply made their own arguments, which is the duty of the adverse party or the 60th Judicial District. *Id.* at 6.

In short, Mr. Bogan's amended complaint consists of concepts commonly espoused by sovereign citizens. Courts have repeatedly characterized sovereign citizen theories as legally frivolous and having no conceivable validity. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases). Accordingly, each of Mr. Bogan's allegations grounded in sovereign citizen theory is summarily dismissed because such allegations are frivolous and fail to state a claim.

Furthermore, four of the defendants Mr. Bogan has named in this lawsuit are immune from suit: Judge Thomas J. Alevizos, Judge Jon E. DeGuilio, Deputy Prosecutor Kenneth P. Cotter, and Deputy Prosecutor Micah P. Cox. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Similarly, "[a] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Because the doctrines of prosecutorial and judicial immunity apply, Mr. Bogan cannot proceed against Judge Thomas J. Alevizos, Judge Jon E. DeGuilio, Deputy Prosecutor Kenneth P. Cotter, and Deputy Prosecutor Micah P. Cox.

3

Moreover, to the extent that he has made any reasonable arguments about why he is wrongfully incarcerated, they cannot be addressed in this case because "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Outside of the habeas context, which Mr. Bogan has already pursued unsuccessfully, this court has no authority to review Mr. Bogan's criminal case or the denial of Mr. Bogan's state court habeas petition. *See Lewis v. Anderson*, 308 F.3d 768, 772 (7th Cir. 2002) ("lower federal courts do not have jurisdiction to conduct direct review of state court decisions."). Furthermore, to the extent he is alleging due process violations because both Judge Alevizos and Judge DeGuilio dismissed his habeas petitions without first obtaining a response, he has received all the process to which he is entitled. A judge can dismiss a habeas petition summarily if he determines that it lacks merit without violating the Due Process Clause. *See* Rule 4 of the Rules Governing § 2254 Cases (the court must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court.")

As a final matter, Mr. Bogan has filed a motion asking the court to take judicial notice of adjudicative facts (ECF 14) and a motion requesting clarification (ECF 25). Because the court is dismissing this case, these motions will be denied.

For these reasons, the court:

(1) DENIES James DeMarco Bogan's petition for injunctive relief (ECF 4);

(2) DENIES his motion to take judicial notice of adjudicative facts (ECF 14);

(3) DENIES his motion requesting clarification (ECF 25); and

(4) DISMISSES this case pursuant to 28 U.S.C. § 1915A because the complaint is frivolous and does not state a claim upon which relief can be granted.

SO ORDERED.

January 6, 2020  *s/ Damon R. Leichty*
Judge, United States District Court